# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE WALLACE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>　　　　Defendant. | Case No. EDCV 17-1794 MWF (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On October 3, 2017, Plaintiff Lawrence Wallace ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed a Complaint against the Federal Bureau of Prisons ("BOP") pursuant to the Federal Tort Claims Act ("FTCA"). (Dkt. No. 3).

On March 6, 2018, after Plaintiff failed to respond to an Order to Show Cause ("OSC"), this action was dismissed without prejudice due to Plaintiff's failure to timely pay his initial partial filing fee. (Dkt. Nos. 6-7). However, on April 6, 2018, the Court vacated the dismissal and reopened the case after

| | |
|---|---|
| 1 | Plaintiff filed a belated response to the OSC and paid the initial |
| 2 | partial filing fee.  (Dkt. Nos. 8-9). |
| 3 | |
| 4 | **PLAINTIFF'S ALLEGATIONS** |
| 5 | |
| 6 | In his Complaint, Plaintiff alleges that on March 20, 2016, |
| 7 | at the United States Penitentiary in Victorville, California, |
| 8 | Correctional Officers A. Garibay and Bunsold, Lieutenant Scott |
| 9 | Williams, and other unidentified officers approached Plaintiff's |
| 10 | cell and placed Plaintiff in wrist and ankle restraints to move |
| 11 | him to a new cell.  (Complaint at 2).  During this movement, |
| 12 | Plaintiff became upset when he saw officers tossing various items |
| 13 | of Plaintiff's property, including personal photos, into the trash. |
| 14 | (Id.).  Plaintiff and Officer Garibay had words, Plaintiff was |
| 15 | taken to a nearby suicide cell and, while still restrained, |
| 16 | Plaintiff was attacked, beaten unconscious, and seriously injured. |
| 17 | (Id.).  When Plaintiff regained consciousness shortly thereafter, |
| 18 | he was lying naked in a pool of his own blood in the observation |
| 19 | cell, which left Plaintiff believing he had been sexually |
| 20 | assaulted.  (Id.).  After being left naked and without medical |
| 21 | attention for four days, Plaintiff was taken to a hospital and |
| 22 | examined for evidence of sexual assault.  (Id.).  Plaintiff seeks |
| 23 | %500,000 in compensatory and punitive damages caused by this |
| 24 | incident.  (Id. at 3). |

## STANDARD OF REVIEW

Under the provisions of the Prison Litigation Reform Act of 1995, Plaintiff's Complaint is subject to sua sponte review and must be dismissed if it is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Dismissal for failure to state a claim is appropriate if Plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013). Although Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678, "[s]pecific facts are not necessary; the [complaint] need only give the [Defendants] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555.

In considering whether to dismiss a complaint, the Court must accept the factual allegations of the complaint as true, Wood v. Moss, 134 S. Ct. 2056, 2065 (2014); Erickson, 551 U.S. at 93-94, construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal."). Dismissal for failure to state a claim can be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**DISCUSSION**

The Court has reviewed Plaintiff's Complaint under the aforementioned standards and has concluded the Complaint is deficient and must be dismissed with leave to amend.

First, Plaintiff has attempted to state an FTCA claim against the BOP. However, the United States is the only proper defendant in an FTCA action, and the FTCA provides no subject matter jurisdiction over federal agencies such as the BOP. Federal Deposit Ins. Co. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998); Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam). Second, to the extent Plaintiff attempts to allege an Eighth Amendment violation as the basis for his FTCA claim, "the United States . . . has not rendered itself liable under [the FTCA] for constitutional tort claims." Federal Deposit Ins. Co. v. Meyer, 510 U.S. 471, 478 (1994); Jachetta v. United States, 653 F.3d 898, 904 (9th Cir. 2011); see also Pereira v. United States Postal Serv., 964 F.2d 873, 876 (9th Cir. 1992) (The FTCA "provides a waiver of sovereign immunity for tortious acts of an agency's employees only if such torts committed in the employ of a private person would have given rise to liability under state law. Constitutional torts are, by definition, founded on federal, not state law. Therefore, federal district courts have no jurisdiction over the United States where claims allege constitutional torts." (citations omitted)). Third, punitive damages are not available against the United States under the FTCA. 28 U.S.C. § 2674; Dolan v. United States Postal Serv., 546 U.S. 481, 485 (2006).

**ORDER**

Plaintiff's Complaint (Dkt. No. 3) is DISMISSED WITH LEAVE TO AMEND. If Plaintiff still wishes to pursue this action, he shall

file a First Amended Complaint within thirty (30) days, which cures the pleading defects discussed herein.  The First Amended Complaint shall be complete in itself without reference to any pleading or other document.  <u>See</u> L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits.  The amended pleading shall not refer to the prior, superseding pleading.").  The First Amended Complaint shall bear both the designation "First Amended Complaint" and the case number assigned to this action.

Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described herein, will result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with a court order.

DATED: July 13, 2018

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE